UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA ESPERANZA TERRONES,<br><br>            Plaintiff,<br><br>      v.<br><br>GENERAL MOTORS LLC,<br><br>            Defendant. | Case No. 2:25-cv-09937-JC<br><br>ORDER SUBMITTING, VACATING HEARING ON, AND DENYING PLAINTIFF'S MOTION TO REMAND<br><br>[DOCKET NO. 13] |

**I.     SUMMARY**

On May 9, 2025, Plaintiff Anna Esperanza Terrones ("Plaintiff"), filed a Complaint against Defendant General Motors LLC ("Defendant"), in Los Angeles County Superior Case No. 25STCV13589 ("State Action"), asserting claims under the California Song-Beverly Consumer Warranty Act for breach of express warranty, breach of the implied warranty of merchantability, and violation of California Civil Code sections 1793.2(a)(3), (b) & (d). (Docket No. 1-1, at 1-16 ("Complaint" or "Comp.")). On May 13, 2025, Plaintiff served the Summons and Complaint on Defendant. (Docket No. 13-1, at 5-6). On July 22, 2025, Defendant filed an Answer to the Complaint. (Docket No. 1-2 at 2-7). On October 15, 2025, Defendant removed the case to federal court based on diversity jurisdiction (28

U.S.C. § 1332. (Docket No. 1 ("Notice of Removal") at 2-6). The matter was thus removed to the United States District Court for the Central District of California and was subsequently assigned to this Court as to whom the parties have been deemed to consent. (See Docket Nos. 1, 2, 6, 7).

On October 24, 2025, Plaintiff filed a Motion to Remand ("Motion"), a supporting Memorandum of Points and Authorities ("Motion Memo"), and a declaration of counsel ("Yang Decl.") with an exhibit. (Docket No. 13). Plaintiff contends that remand is warranted because Defendant's removal of the case to this Court: (1) was untimely; and (2) fails to establish that the case satisfies the amount-in-controversy requirement.[1] (See Motion Memo at 4-10). On November 4, 2025, Defendant filed an Opposition to the Motion ("Opposition") and a supporting declaration of counsel ("Fitch Decl.") with exhibits ("Fitch Ex."). (Docket No. 16). Plaintiff did not file a reply.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the Motion appropriate for decision without oral argument. The hearing calendared for November 25, 2025 at 9:30 a.m. is hereby vacated and the Motion is taken off calendar and is submitted for decision.

For the reasons discussed below, the Motion is denied. In reaching this conclusion, the Court has considered every argument made by the parties and discusses the main contentions herein.

---

[1] The Motion is premised, in part, on Plaintiff's erroneous assertion that the Complaint contains claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., which may be filed in (or removed to) federal district court if the amount in controversy exceeds $50,000, see 15 U.S.C. § 2310(d)(3)(B). However, the Complaint contains no mention of the Magnuson-Moss Warranty Act or any other federal basis for relief that would confer federal-question jurisdiction here. Thus, notwithstanding the Motion's erroneous references to the Magnusen-Moss Warranty Act and its requisite $50,000 amount-in-controversy threshold (see Motion Memo at 2, 8-10), the Court construes the Motion as a challenge to whether removal was timely and whether the amount in controversy exceeds $75,000 as required for diversity jurisdiction.

## II.   STANDARD OF REVIEW

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original subject matter jurisdiction where an action presents either a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Generally, a court has diversity jurisdiction only when there is complete diversity of citizenship among adverse parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Remand to state court may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. See 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005); see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) ("It is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal quotation marks and brackets omitted)). If there is any doubt as to whether removal is proper, remand must be ordered. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." Id.

## III.   DISCUSSION

As indicated above, Plaintiff's Motion contends that remand is warranted because Defendant's removal: (1) was untimely; and (2) fails to satisfy the amount-in-controversy requirement. (See Motion Memo at 4-10). For the reasons explained below, the Motion is denied.

### A. Defendant's Removal Was Timely

#### 1. Pertinent Law

The Ninth Circuit has explained that there are three pathways for removal of an action from state court based on diversity jurisdiction. See Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1124 (9th Cir. 2013). The first two pathways are contained in 28 U.S.C. § 1446(b) and impose thirty-day deadlines for removal. See Dietrich v. Boeing Co., 14 F.4th 1089, 1093 (9th Cir. 2021). The third pathway is based on reading 28 U.S.C. § 1446 together with 28 U.S.C. § 1441 and permits removal up to one year from the filing of the complaint, but this pathway only applies if the first two do not. See Roth, 720 F.3d at 1125-26.

The first pathway is set forth by Section 1446(b)(1) and states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Section 1446(b)(1) "only applies if the case stated by the initial pleading is removable on its face," as determined "through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694.

The second pathway is set forth by Section 1446(b)(3) and states in relevant part that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Section 1446(b)(3) is triggered only where

///

"an amended pleading, motion, order, or other paper . . . [makes] a ground for removal unequivocally clear and certain." Dietrich, 14 F.4th at 1095.

The third pathway is based on the interaction of Section 1446 with Section 1441. See Roth, 720 F.3d at 1125. Section 1441(a) states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit has explained "that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Roth, 720 F.3d at 1125. Thus, "a defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable." Id. at 1123. The only time limit on removal under this third pathway is that a defendant must file the notice of removal within one year of the filing of the complaint. Id. at 1126 (citing 28 U.S.C. § 1446(c)(1) for the one-year time limit).

### 2. Analysis

It is undisputed that Defendant removed this case to this Court more than thirty days after service of the Complaint; indeed, removal occurred about five months after service, long after Defendant already had answered the Complaint. (See Yang Decl. ¶¶ 5, 8). Defendant asserts that the thirty-day deadlines of Section 1446(b)(1) and Section 1446(b)(3) do not apply here because Plaintiff's Complaint is ambiguous as to Plaintiff's state of citizenship and the amount in controversy. (See Notice of Removal at 2; Opposition at 16-20). Particularly as to the latter, as

///
///

Defendant points out, the Complaint fails to provide any of the values needed to calculate the amount of damages sought.[2]

Plaintiff contends that a thirty-day deadline applied because the face of the Complaint provided sufficient information for Defendant plausibly to allege that the amount in controversy requirement was satisfied. (See Motion Memo at 2, 5-7). As indicated above, the Complaint asserts breach-of-warranty claims under the Song-Beverly Consumer Warranty Act arising out of Plaintiff's purchase of a 2023 Chevrolet Traverse on December 10, 2022. (See Comp. ¶¶ 6-33). As relief, the Complaint seeks a rescission of the purchase contract and restitution of all monies expended on the subject vehicle, general, special, incidental, and consequential damages, as well as a civil penalty of up to two times the amount of actual damages, along with attorneys' fees and costs. (See Comp. at 5 (Prayer)). Not only is the amount of damages unspecified, but so too are the purchase price, the mileage, and any other facts related to the subject vehicle aside from the make, model, year, and Vehicle Identification Number ("VIN"). Yet, Plaintiff asserts that this information alone sufficed for Defendant to estimate the vehicle's market value and thereby calculate the total damages sought, given that Defendant has "sophisticated knowledge of the motor vehicle industry" and was the vehicle's "manufacturer and distributor." (Motion Memo at 6-7).

It is true that defendants are required to "apply a reasonable amount of intelligence in ascertaining removability," and "[m]ultiplying figures clearly stated in a complaint is an aspect of that duty." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013). However, when no such figures are provided,

---

[2] The Complaint also fails to specify Plaintiff's state of citizenship, as Defendant points out. (See Opposition at 16-17). Instead, it alleges only that Plaintiff "is and at all times relevant herein was, a *resident* of San Jacinto, California" (Comp. ¶ 2 (emphasis added)), which does not suffice. See, e.g., Huerta Chavarin v. General Motors LLC, 2025 WL 3030875, at *1 (C.D. Cal. Oct. 29, 2025) ("[T]he bare allegation of Plaintiff's California residency was not enough to allege domicile or citizenship for diversity purposes.").

"defendants need not make extrapolations or engage in guesswork," id., nor are they expected to rely on their "subjective knowledge" or "pre-complaint documents to ascertain whether a case stated by an indeterminate initial pleading is actually removable," Carvalho v. Equifax Inf. Servs., LLC, 629 F.3d 876, 885-86 (9th Cir. 2010). To the contrary, as indicated above, the thirty-day deadline under Section 1441(b)(1) applies only if the basis for removal may be determined by examining "the four corners" of the Complaint itself, "not through subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694.

Thus, absent any specific allegations of the dollar value of the claims, bare allegations of the make and model of the vehicle and claims for broad categories of damages are insufficient to trigger the removal deadline. See, e.g., Alvarez-Munguia v. Ford Motor Co., 2024 WL 69076, at *2 (N.D. Cal. Jan. 5, 2024) (complaint did not trigger thirty-day removal deadline because it alleged only categories of relief and did not identify any "specific measure of damages, nor [did] it allege the amount of attorneys' fees and costs incurred"); Pastrana v. Nissan N. Am., Inc., 2024 WL 2817533, at *2 (C.D. Cal. June 3, 2024) (thirty-day deadline was not triggered where the complaint did not "list a dollar amount corresponding to the damages"); Moran v. Ford Motor Co., 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023) ("[W]hile Defendant could have made a plausible guess that the amount in controversy in this case exceeded $75,000, Defendant was under no obligation to do so.").

As Plaintiff's Complaint does not expressly disclose the amounts in issue, Section 1441(b)(1) does not apply. See Harris, 425 F.3d at 694. There were also no subsequent pleadings, motions, orders, or other papers that made the basis for removal "unequivocally clear and certain." See Dietrich, 14 F.4th at 1095. Accordingly, as Defendant did not run afoul of the deadlines in Section 1441(b)(1) or Section 1441(b)(3), Defendant was entitled to remove the case to this Court "when it discover[ed], based on its own investigation," that the case was

removable. Roth, 720 F.3d at 1123; see also Gonzalez v. Nissan N. Am., Inc., 2024 WL 2782102, at *3 (C.D. Cal. May 29, 2024) ("This is simply the kind of case where defendant removed the case based on its knowledge 'beyond the pleadings,' a removal that defendant was not 'obligated' to file pursuant to one of the two 28 U.S.C. § 1446 deadlines, but a removal that defendant nonetheless 'could' file." (quoting Kuxhausen, 707 F.3d at 1141 n.3)). Removal was therefore timely.

### B. Defendant Satisfies the Amount-in-Controversy Requirement for Diversity Jurisdiction

#### 1. Applicable Law

A removing defendant bears the burden to show that "it is more likely than not that the amount in controversy exceeds" the jurisdictional threshold. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation marks and citation omitted). "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020). The parties also may submit evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted).

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted). "In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) (citing Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417 (9th Cir. 2018)) (emphasis in original). Thus, the amount in controversy is the amount "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them." Chavez, 888 F.3d at 417.

"[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018).

Under the Song-Beverly Act, the purchaser of a vehicle may obtain restitution equal to "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(1). The usage offset (or "mileage offset") is calculated by multiplying the purchase price by a fraction with a denominator of 120,000 and a numerator of "the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the manufacturer." Cal. Civ. Code § 1793.2(d)(2)(C). In addition, under newly enacted California law, defendants in actions seeking restitution for motor vehicles are entitled to offset from the purchase price any negative equity, manufacturer's rebate, third-party sold optional equipment, and unpaid financing. Cal. Code Civ. Proc. § 871.27(b), (c), (d), (f).[3] The Ninth Circuit has explained that, because "an estimate of the amount in controversy must be reduced if 'a specific rule of law or measure of damages limits the amount of damages recoverable,'" consideration of the Song-Beverly Act's offsets in calculating the amount in controversy is "appropriate." Schneider v. Ford Motor Co., 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (quoting Morris v. Hotel Riviera, Inc., 704 F.2d 1113, 1115 (9th Cir. 1983)).

### 2. Analysis

Plaintiff argues that Defendant has failed to meet its burden to show by a preponderance of the evidence that the amount in controversy exceeds the

///
///

---

[3] Section 871.27 was enacted as part of California Assembly Bill 1755 and went into effect on January 1, 2025. See A.B. 1755, 2023-24 Leg., Reg. Sess. (Cal. 2024). Because this action was initiated after January 1, 2025, these requirements apply here.

jurisdictional threshold.[4]  (Motion Memo at 8-10).  However, as set forth below, Defendant has provided ample evidence to support its amount-in-controversy allegations, including the Retail Installment Sale Contract ("RISC"), Repair History, and Payment History for the subject vehicle.

On December 10, 2022, Plaintiff purchased a 2023 Chevrolet Traverse with 56 miles on the odometer for $77,434.04.  (See Fitch Ex. A (RISC)).  On May 22, 2023, with 8,887 miles on the odometer, Plaintiff presented the vehicle to a dealership for repair of the defect claim she appears to be pursuing here.  (See Fitch Decl. ¶ 3; Fitch Ex. B (Repair History Summary)).  Plaintiff's use of the vehicle prior to the discovery of this alleged nonconformity was 8,831 miles (8,887–56).  As Defendant points out, dividing this number by 120,000 and multiplying this by the cash price of the vehicle – which is $47,187.58 (see Fitch Ex. A at 2) – results in an estimated mileage offset of $3,472.61.  See Cal. Civil Code § 1793.2(d)(2)(C).  Additionally, Defendant has identified $8,790.00 in other offsets for optional third-party contracts.  (See Fitch Ex. A); Cal. Code Civ. Proc. § 871.27.  Deducting these offsets of $8,790.00 and the usage/mileage offset of $3,472.61 from the total purchase price of $77,434.04 results in $65,171.43.

The amount of unpaid financing also must be deducted.[5]  As of August 2025,

---

[4]Plaintiff's Motion specifically argues that Defendant fails to establish that the amount in controversy exceeds $50,000, which is the threshold to bring a Magnuson-Moss Warranty Act claim in federal court.  (See Motion Memo at 8-10).  But as the Complaint does not assert such claim, and Defendant's removal of the case is instead predicated on diversity jurisdiction, Plaintiff's argument is construed as a challenge to whether Defendant meets the amount-in-controversy threshold for diversity jurisdiction, which is $75,000.  See 28 U.S.C. § 1332(a).  Plaintiff does not dispute that there is complete diversity between the parties, and Defendant's allegations appear sufficient on that issue.  (See Notice of Removal at 3).

[5]"While '[c]ourts routinely find that an undisputed [RISC] can establish actual damages[,]' this should account for actual payments made.  Where the Court is unable to determine the specific amount paid towards an installment contract, however, district courts find the 'total cash price' within such contract appropriate as a substitute." Gonzales v. Ford Motor
(continued...)

10

Plaintiff had $37,983.33 remaining in unpaid financing. (Fitch Ex. C (Loan Payoff History)). As Defendant notes, "[g]iven that this matter is unlikely to resolve early, it would be reasonable to estimate at least 12 additional monthly payments of $862.31 prior to resolution of trial and any appeal, leaving an estimated $27,635.61 in unpaid financing." (Opposition at 21; see Fitch Ex. A at 1). By then subtracting that amount from $65,171.43, Defendant posits that the amount of "actual" damages at issue here is $37,535.82. Plaintiff has offered no basis to dispute this estimate.[6] See also, e.g., Carillo v. FCA USA, LLC, 546 F. Supp. 3d 995, 1001-04 (C.D. Cal. 2021) (finding defendant satisfied the amount in controversy requirement by a preponderance of the evidence based on RISC and repair order).

In addition to actual damages, the Complaint seeks a civil penalty of up to two times the amount of actual damages (see Comp. at 5 (Prayer)), as permitted for willful violations of the Song-Beverly Act, see Cal. Civ. Code § 1794(c). "Courts treat the Song-Beverly Act's civil penalties akin to punitive damages," Carillo, 546

---

[5](...continued)
Co., 2025 WL 1166056, at *4 (C.D. Cal. Apr. 21, 2025) (quoting Luna v. FCA US LLC, 2021 WL 4893567, at *7 (N.D. Cal. Oct. 20, 2021)). Here, under the latter approach, if the Court were to use the vehicle's "total cash price" of $47,187.58 as a substitute for the total amount paid, from which the Court would then subtract the usage/mileage offset ($3,472.61) and the offsets for third-party contract amounts ($8,790.00), the estimated actual damages would be $34,924.97, which is similar to Defendant's estimate of $37,535.43 in actual damages set forth below (a difference of $2,610.85) and, with the civil penalty added, would similarly result in an amount that satisfies the amount in controversy.

[6]Plaintiff's Motion disputes the estimate of $65,171.43 in actual damages that Defendant alleged in the Notice of Removal, which did not sufficiently account for offsets and deductions. (See Motion Memo at 8-9; Notice of Removal at 5). At this stage, however, upon Plaintiff's challenge to removal, Defendant was entitled to refine its previous estimate of damages with additional evidence. Cf. Schneider v. Ford Motor Co., 756 F. App'x 699, 700-01 (9th Cir. 2018) ("The Supreme Court has held that a notice of removal must include only 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.' The preponderance of the evidence standard applies only after 'the plaintiff contests, or the court questions, the defendant's allegation' and 'both sides submit proof.'" (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88-89 (2014))).

11

F. Supp. 3d at 1003 (citing Suman v. Superior Court, 39 Cal. App. 4th 1309, 1317 (1995)), and "[i]t is well established that punitive damages are part of the amount in controversy in a civil action," Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) (citing Bell v. Preferred Life Assur. Society, 320 U.S. 238, 240 (1943)), cert. denied, 534 U.S. 1104 (2002).

Plaintiff contends that Defendant cannot "[m]erely assum[e] the existence of a civil penalty award," and must instead "offer evidence of willfulness that much support such an award." (Motion Memo at 10). Here, however, the Complaint expressly alleges that Defendant's conduct was willful (see Comp. ¶ 17, 24, 28) and seeks "a civil penalty in the amount of two times Plaintiffs actual damages pursuant to [California] Civil Code section 1794(c)" (Comp. at 5). In such circumstances, several courts have appropriately found that maximum civil penalties may be included in calculating the amount in controversy. See Amavizca v. Nissan N. Am., Inc., 2023 WL 3020489, at *6 (C.D. Cal. Apr. 19, 2023) ("Many courts have included the maximum civil penalty available under the Song-Beverly Act as part of the amount in controversy, at least when the plaintiff alleges that the defendant acted willfully and requests the full penalty in the complaint." (collecting cases)); Canesco v. Ford Motor Co., 570 F. Supp. 3d 872, 902 (S.D. Cal. 2021) ("[T]his Court sides with the majority of courts and more recent cases, which find civil penalties appropriate for inclusion in the calculation of the amount in controversy without the defendant needing to 'prove a case against itself' with respect to liability for civil penalties."); Perez v. Gen. Motors LLC, 2025 WL 2985229, at *3–4 (C.D. Cal. Oct. 22, 2025) ("[S]everal courts have found that maximum civil penalties may be included in calculating the amount in controversy. This is especially true where, as here, there are 'allegations in the [Complaint] that Defendant's conduct was willful.' 'Moreover, Defendant is not required to prove the case against itself.'" (citations omitted)).

///

Applying this maximum (two-times) civil penalty here ($37,535.82*2), as Defendant points out, brings the total amount to $112,607.46 ($37,535.82 + ($37,535.82*2)), which well exceeds $75,000. See also Carillo, 546 F. Supp. 3d at 1003 (denying a motion to remand after finding the amount in controversy satisfied based on "the amount of actual damages available as restitution" of $25,018.70, which when adding the civil penalty of twice the amount ($50,037.40), amounted to a total of $75,056.10 in controversy); Perez, 2025 WL 2985229, at *4 (same, for $36,071.22 in damages plus a two-times civil penalty, for a total of $108,213.66). Accordingly, Defendant has demonstrated that it is more likely than not that the amount in controversy exceeds the threshold for diversity jurisdiction.

**IV.   ORDERS**

IT THEREFORE ORDERED that Plaintiff's Motion is denied.

IT IS SO ORDERED.

DATED: November 20, 2025

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE